UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:15-cr-14-GFVT-REW |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BRIAN C. WALTERS, JAMES W. | ) | **&** |
| BOTTOM, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In December 2016, the Court concluded the Government could properly introduce evidence of various allegedly inappropriate urine drug testing procedures utilized by PremierTox. PremierTox, the laboratory owned by all five Defendants, employed these questionable procedures when testing samples referred to it by SelfRefind, a chain of addiction medicine clinics owned by only two of the five Defendants, Drs. Robin Peavler and Bryan Wood. In light of the Court's ruling, Defendants Brian C. Walters and James W. Bottom seek a severance from Peavler and Wood. The two Defendants argue evidence about SelfRefind will unduly prejudice them, because they were not owners of the clinic chain and a jury could confuse them with their potentially more culpable co-defendants. For the reasons set forth below, the pending motions for severance will be DENIED.

**I**

As noted in prior orders, the five Defendants in this matter have been charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 1349 and ninety-nine counts of aiding and abetting one another to commit healthcare fraud in violation of 18 U.S.C.

§§ 2 and 1347.  [R. 1.]  In August 2016, the Government filed a notice of intent to introduce two categories of evidence falling within the scope of Federal Rule of Evidence 404(b).  [R. 112.] After hearing oral argument on the issue, the Court forbid the introduction of any evidence related to allegedly inappropriate payments Defendant Robert Bertram made to promote business referrals to PremierTox.  [*See* R. 163 at 3-4.]  However, the Court denied requests by the Defendants to exclude evidence of allegedly inappropriate drug testing procedures that PremierTox employed to test urine samples.  [*Id.* at 5-9.]

Certain Defendants expressed a potential desire for severance conditioned upon the Court's ruling on the noticed 404(b) evidence.  Accordingly, the Court directed any Defendant wishing to move for severance after the ultimate 404(b) ruling to file a motion within a prescribed time frame.  Both Brian C. Walters and James W. Bottom did so.  [R. 168; R. 171.] The Government opposes the two Defendants' requests.  [R. 174.]

## II

### A

Federal Rule of Criminal Procedure 8(b) allows multiple criminal defendants to be indicted in the same proceeding under certain circumstances.  According to the rule, an indictment may charge two or more defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  Where multiple defendants are jointly charged in the same criminal proceeding, there is a strong presumption in favor of trying the co-defendants together. *See, e.g.*, *Zafiro v. United States*, 506 U.S. 534, 537 (1993).  Courts have made clear that joint trials "serve society's interest in the speedy and efficient resolution of cases when the charges will be proved by the same evidence and result from the same acts."  *United States v. Martinez*,

432 F. App'x 526, 529 (6th Cir. 2011) (quoting *United States v. Caver*, 470 F.3d 220, 237 (6th Cir. 2006)).

Co-defendants may be severed from one another and tried in separate proceedings where substantial prejudice will result from a joint trial. As Federal Rule of Criminal Procedure 14 indicates:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). The Supreme Court has interpreted Rule 8 and Rule 14 to allow severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 537. For example, severance may be appropriate where evidence is admissible against one of the defendants but not another, where two defendants have "markedly different degrees of culpability," or where one defendant's exculpatory evidence would be inadmissible in a joint trial. *See Martinez*, 432 F. App'x at 529.

Nevertheless, conflicting defenses among co-defendants do not necessarily warrant severance. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 1A FED. PRAC. & PROC. § 223 (4th ed.). Further, severance is not required merely because one defendant may have a higher chance of acquittal if he is tried separately from his co-defendants. *Id.*; *Zafiro,* 506 U.S. at 540; *United States v. Graham*, 796 F.3d 332, 369 (4th Cir. 2015) ("The defendant seeking severance must show that actual prejudice would result from a joint trial . . . and not merely that a separate trial would offer a better chance of acquittal."). Finally, even if there is a high risk of some prejudice if a defendant is jointly tried, "less drastic measures, such as limiting instructions, often will

3

suffice to cure any risk of prejudice." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (quoting *Zafiro*, 506 U.S. at 539).

**B**

Defendants Walters and Bottom seek severance from co-defendants Peavler and Wood, the owners and principals of SelfRefind. The crux of the two Defendants' severance arguments is that they will be unfairly prejudiced by the introduction of evidence that focuses on SelfRefind, because they had no ownership of or other involvement with the substance abuse treatment clinics. Indeed, Mr. Walters claims he had "no ownership, employment, or other relationship with SelfRefind" [R. 168 at 1], and Mr. Bottom states he, too, had "no ownership interest, employment history, or other association with SelfRefind." [R. 171 at 2.]

As an initial point, Walters and Bottom somewhat overstate their lack of association with SelfRefind. They were not owners, operators, or employees of SelfRefind. And they certainly were not as involved with the clinic chain as owners Peavler and Wood. But they were, in a way, business partners with SelfRefind—or, at least, the indictment alleges as much. According to the indictment, Defendants Walters, Bottom, and Bertram entered into an agreement with the owners of SelfRefind to mutually own and operate the PremierTox laboratory. [R. 1 at 4-5.] Thereafter, SelfRefind referred all of its patients' urine samples to PremierTox. [*Id.* at 5.] The indictment further maintains the owners of PremierTox—including Defendants Walters and Bottom—agreed to collect SelfRefind urine samples at PremierTox despite knowing that the laboratory was not yet capable of performing the tests, as part of a scheme to defraud both public and private insurers. [*Id.* at 5-9.] As the Government notes in its response brief, Defendants Walters and Bottom were clearly in a relationship with SelfRefind's owners during a time that SelfRefind was the primary customer of PremierTox. [*See* R. 174 at 5.] In light of this, Walters

4

and Bottom cannot be said to have absolutely no "relationship" or "other association" with SelfRefind.  [*See* R. 168 at 1; R. 171 at 2.]

In any event, even if certain evidence the Government seeks to introduce pertains only to Drs. Peavler and Wood as the owners of SelfRefind, a joint trial is not prohibited.  "A request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants."  *Causey*, 834 F.2d at 1287.  Further, "juries are presumed capable of following instructions regarding the sorting of evidence and the separate consideration of multiple defendants."  *United States v. Mays*, 69 F.3d 116, 120 (6th Cir. 1995).  The Court's standard practice in a case such as this is to instruct the jury to separately consider the evidence against each defendant and to make an independent determination of guilt based on the proof presented as it relates to each particular defendant.  *See* Sixth Circuit Pattern Jury Instruction § 2.01C, *available at* http://www.ca6.uscourts.gov/pattern-jury-instructions.  Neither Mr. Walters nor Mr. Bottom explains how or why such an instruction would be insufficient in this case to prevent "compelling, specific, and actual prejudice."  *Driver*, 535 F.3d at 427; *see also Zafiro*, 506 U.S. at 539.

Any SelfRefind evidence introduced by the Government may well have no bearing on Mr. Walters's or Bottom's alleged guilt.  And the jury will be specifically instructed to take that possibility into account.  As the Sixth Circuit explained in *United States v. Causey*,

> a defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against him.  As we noted in *United States v. Warner*, we recognize that, in a joint trial, there is always a danger that the jury will convict on the basis of the cumulative evidence rather than on the basis of the evidence relating to each defendant.  However, we adhere to the view, as previously stated by our court, that the jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately.  The presentation of evidence applicable to more than one defendant is simply a fact of life in multiple defendant cases.

*Causey*, 834 F.2d at 1288 (internal citations and quotation marks omitted); *see also Driver*, 535 F.3d at 427 (affirming same).  In light of precedent such as this, the Court simply does not deem this the rare case in which separate trials are required to avoid compromising the Defendants' constitutional rights.  Accordingly, the severance motions will be denied.

### III

For the foregoing reasons and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Brian Walters's Motion for Severance [R. 168] as well as Defendant James Bottom's Motion for Severance [R. 171] are **DENIED**.  All five Defendants will be jointly tried on March 13, 2017.

This the 30th day of January, 2017.

Gregory F. Van Tatenhove
United States District Judge